## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION | PAGE NOS. |
|:---:|:---|:---:|
| 1 | State Court documents | 6-23 |
| 2 | Correspondence from Plaintiff's counsel | 25 |

# EXHIBIT 1

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
NORTH COUNTY DIVISION

2013 JUL 11  PM 2:00

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ASSET ACCEPTANCE, LLC
and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AARON SEALS

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SAN DIEGO NORTH COUNTY,<br>SUPERIOR COURT OF CALIFORNIA, NORTH SAN DIEGO<br>325 SOUTH MELROSE, VISTA CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2013-00057033-CU-NP-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NOEL W. SPAID, 2758 CAMINITO CEDROS, DEL MAR CA 92081   858 350-8718

| DATE:<br>*(Fecha)* JUL 1 1 2013 | Clerk, by<br>*(Secretario)* **C.Terríquez** | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*:  Asset Acceptance, LLC

under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☒ other *(specify)*:
4. ☒ by personal delivery on *(date)*:  7/25/13

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

FILED PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>NOEL W. SPAID (CA BAR 87357)<br>ATTORNEY AT LAW<br>2758 CAMINITO CEDROS<br>DEL MAR CA 92014<br>TELEPHONE NO: 858 350-8718    FAX NO. *(Optional):* 858 350-8718<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* AARON SEALS | *FOR COURT USE ONLY*<br>NORTH COUNTY DIVISION<br><br>2013 JUL 11  PM 2: 02<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  NORTH SAN DIEGO COUNTY
STREET ADDRESS: 325 SOUTH MELROSE AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: VISTA CA 92081
BRANCH NAME:

PLAINTIFF: AARON SEALS

DEFENDANT: ASSET ASSESSMENT LLC

[✓] DOES 1 TO  100

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE   [✓] OTHER *(specify):*  MALICIOUS PROS.
[ ] Property Damage   [ ] Wrongful Death
[ ] Personal Injury   [✓] Other Damages *(specify):*

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [ ] does not exceed $10,000
[ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
[ ] from limited to unlimited
[ ] from unlimited to limited

CASE NUMBER:

37-2013-00057033-CU-NP-NC

1. Plaintiff *(name or names):* AARON SEALS
alleges causes of action against defendant *(name or names):*
ASSET ACCEPTANCE LLC
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [✓] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [✓] other *(specify):*  DELAWARE CORPORATION
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Page 1 of 3
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Page 7

PLD-PI-001

| SHORT TITLE: SEALS V ASSET | CASE NUMBER: |
|---|---|

4. ☑ Plaintiff (name):  AARON SEALS
    is doing business under the fictitious name (specify):

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☑ except defendant (name): *Asset Acceptance Ltd*  c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown              (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                       (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):               (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                        (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                    (5) ☐ other (specify):


   b. ☐ except defendant (name):                            d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown              (1) ☐ a business organization, form unknown
      (2) ☐ a corporation                                       (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):               (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):                        (4) ☐ a public entity (describe):

      (5) ☐ other (specify):                                    (5) ☐ other (specify):


   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1-100 _____ were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 1-100 _____ are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):


8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):


9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: SEALS V ASSET | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

     NEGLIGENCE, MALICIOUS PROSECUTION, ABUSE OF PROCESS, INTENTIONAL INFLICTION OF MENTAL DISTRESS, NEGLIGENT INFLICTION OF MENTAL DISTRESS

11. Plaintiff has suffered
   a. ☐ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☐ loss of earning capacity
   g. ☑ other damage *(specify):*

     Cost of Defense, Attorney Fees; Punitive, Exemplary damages, Great and Grave Mental Distress, to wit, great anxiety, nervousness, fear, upset, concern and worry over future and effect of a wrongful judgment

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
     (2) ☑ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☑ according to proof
   (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   6, 10, 11, 14(a)(2)

Date: 6-28-13

Noel W. Spaid, Attorney
(TYPE OR PRINT NAME)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

PLD-PI-001(2)

| SHORT TITLE:<br>SEALS V ASSET | CASE NUMBER: |
|---|---|

FIRST _____ **CAUSE OF ACTION—General Negligence**  Page 1-1

(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  AARON SEALS

alleges that defendant *(name):*  ASSET ACCEPTANCE, LLC

☑ Does  1 _____ to  100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  Apr 2012 &continuing
at *(place):*  NORTH SAN DIEGO COUNTY

*(description of reasons for liability):*

1. Defendants', in breach of their duty of due care to Plaintiff, instituted and pursued a legal action
against Plaintiff, without probable cause, which acts resulted in damage to Plaintiff who suffered
economic and physical and emotional health harm, to wit; great weight loss, colon/intestinal
changes, and grave mental anguish, nervousness, anxiety, worry, shock, humiliation, and shame,
fear over his new plans for the future and the effect that judgment would have in harming it. In
pursuing the suit, Defendant negligent proffered illegal discovery verifications, properly objected
to by Plaintiff, and ultimately agreed to dismiss in lieu of a discovery motion. Defendant further
delayed the action by conditioning the dismissal on Plaintiff losing legal right, and other delays.
Plaintiff was recovering from his job loss, a result of the economic decline which also cause his
loss of independence when he had to move back home. Since Plaintiff had a learning disability,
the was more serious as he had established himself in his community, known to Defendants. He
had secured new employment and was making plans on continuing his education, when
Defendant served him. Plaintiff's injuries were proximately caused by defendants' conduct,
continuing to the present day..

2. A judgment would cause serious disruption in his new future plans, financially and
emotionally. Defendants delayed their dismissal by predicating it upon Plaintiff giving up a legal
rights, and other delays. Said serious delay in dismissing caused great harm and indebtedness as
they were aware of the fact that discovery motion deadlines were approaching and more attorney's
fees and costs would continue to be incurred, in complete disregard to the fact that they could not
sustain the underlying action, all of which resulted in harm. Such conduct of not producing proofs
that limitation barred suit, but producing instead undecipherable documents, has continued up to
present. Defendant did these actions to cover-up violation of an Order of the Federal Trade
Commission to not bring time-barred suit, entitling Plaintiff to exemplary damages, per
Exemplary Damage Attachment in addition to other damages.

Form Approved for Optional Use   **CAUSE OF ACTION—General Negligence**   Code of Civil Procedure 425.12
Judicial Council of California                                                                www.courtinfo.ca.gov
PLD-PI-001(2) [Rev. January 1, 2007]

PLD-PI-001(2)

| SHORT TITLE:<br>SEALS V ASSET | CASE NUMBER: |
|---|---|

SECOND _____   CAUSE OF ACTION—· · · ·   Negligence _PER SE_ Page __4__
    (number)

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  AARON SEALS

     alleges that defendant *(name):*  ASSET ACCEPTANCE, LLC

       [✓] Does   1 _____   to   100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date):*  Apr 2012 &continuing
at *(place):*  NORTH SAN DIEGO COUNTY

*(description of reasons for liability):*

Plaintiff incorporates by reference Paragraphs 1-11, 13-15 of their First Cause of Action and EXE
1. Defendants', violated statutes, breaching of their duty of due care to Plaintiff, which acts
resulted in damage to Plaintiff who suffered economic and physical and emotional health harm, to
wit; weight loss, colon/intestinal changes, and grave mental anguish, nervousness, anxiety, to
worry, shock, humiliation, and shame, fear over his new plans for the future and the effect that
judgment would have in harming it. Defendant violated statues including the limitation bar to suit,
discovery statutes, proffering deliberately obtuse and/or discovery responses, ultimately agreed to
dismiss in lieu of a discovery motion, then attempted to have Plaintiff give up rights to sue, to
obtain the dismissal, and deliberately delaying to cover us these and other actions because they
were under FTA Order to cease and illegal debt collection practices.
2. Plaintiff was recovering from his job loss, a result of the economic decline which also cause his
loss of independence when he had to move back home. Since Plaintiff had a learning disability,
the was more serious as he had established himself in his community, known to Defendants. He
had secured new employment and was making plans on continuing his education, when
Defendant served him. A judgment would cause serious disruption in his new future plans, felt
more acutely because of his learning disability known to Defendant. Defendants' conduct,
continuing to the present day, all proximately causing the injuries to Plaintiff.
3. Plaintiff was member of the class and was harmed by the violations the act were meant to
protect, by the harm meant to be protected. Said delay in dismissing caused great indebtedness as
they were aware of the fact that discovery motion deadlines were approaching and more attorney's
fees and costs would continue to be incurred, in complete disregard to the fact that they could not
sustain the underlying action, which resulted in the injuries set out. Such conduct of not producing
proofs that limitation barred suit, but producing instead undecipherable documents, has continued
up to present. Defendant did these actions to cover-up violations of an Order of the Federal Trade
Commission to not bring time-barred suit, or do other acts that they did, further entitling Plaintiff
to exemplary damages, per Exemplary Damage Attachment, in addition to other damages.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE:<br>SEALS V ASSET | CASE NUMBER |
|---|---|

_THIRD_    **CAUSE OF ACTION—** _Negligent Tort_
(number)             _Infliction Distress_    **Page** _6_

ATTACHMENT TO   [✓] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:   AARON SEALS

     alleges that defendant *(name)*:   ASSET ACCEPTANCE

         [✓] Does 1      to   100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*:APR.2012, continuing
at *(place)*:NORTH SAN DIEGO COUNTY

*(description of reasons for liability)*:

Plaintiff incorporates by reference Paragraphs 1-11 of their First Cause of Action and Paragraphs 1-11, 13-15, and EXEMPLARY DAMAGES ATTACHMENT.
Defendants', and each of them, did actions in breach of their duty of due care which which was a substantial factor resulting in Plaintiff suffering great weight loss, colon/intestinal changes, and grave mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame, fear over his new plans for the future and the effect that a judgment would have in harming it.

Plaintiff was recovering from his job loss, a result of the economic decline which also cause his loss of independence when he had to move back home. Since Plaintiff had a learning disability, the was more serious as he had established himself in his community, known to Deffendants. He had secured new employment and was making plans on continuing his education, when Defendant brought their suit and served him. A judgment would cause serious disruption in his new future plans, financially and emotionally.
Defendants, and each of them, caused a creditor-debtor action to be brought against Plaintiff after it was time-barred, did actions and did legal actions within the litigation that were knowingly unlawful, for the purpose of delaying the actions, which actions included responding to discovery with a corporate verification that was completely illegal, and delaying the dismissal of the action when they were aware of the fact that other litigation deadlines were approaching, more attorney's fees and costs would continue to be incurred, and in complete disregard to the fact that they could not sustain the underlying action, all of which resulted in physical, financial and emotional damage to Plaintiff, also entitled to punitive or exemplary damages.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION–Intentional Tort**
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Case 3:13-cv-01969-W-NLS   Document 1-1   Filed 08/23/13   PageID.14   Page 10 of 23

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SEALS V ASSET | |

FOURTH _____   **CAUSE OF ACTION—Intentional Tort**   Page 7
(number)                                                  *malicious Prosecution*

ATTACHMENT TO   ☑ Complaint   ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  AARON SEALS

alleges that defendant *(name)*:  ASSET ACCEPTANCE

☑ Does 1 _____ to 100 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*:APR.2012, continuing
at *(place)*NORTH SAN DIEGO COUNTY

*(description of reasons for liability)*:

Plaintiff incorporates by reference Paragraphs 1-11, 13-15 of their First Cause of Action and
EXEMPLARY DAMAGES ATTACHMENT.
Defendants', intentionally and maliciously, instituted and pursued a legal action against Plaintiff,
without probable cause, which acts were a substantial factor resulting in Plaintiff damages, such as
suffering great weight loss, colon/intestinal changes, and grave mental anguish, fright, horror,
nervousness, grief, anxiety, worry, shock, humiliation, and shame, fear over his new plans for the
future and the effect that a judgment would have in harming it.
Plaintiff was recovering from his job loss, a result of the economic decline which also cause his loss
of independence when he had to move back home. Since Plaintiff had a learning disability, the was
more serious as he had established himself in his community, known to Defendants. He had secured
new employment and was making plans on continuing his education, when Defendant brought their
suit and served him. A judgment would cause serious disruption in his new future plans, financially
and emotionally.
Defendants delayed their dismissal by predicating it upon Plaintiff giving up a legal right to this
action. Said serious delay in dismissing caused great harm and indebtedness as they were aware of
the fact that discovery motion deadlines were approaching and more attorney's fees and costs would
continue to be incurred, in complete disregard to the fact that they could not sustain the underlying
action, all of which resulted in physical, financial and emotional damage to Plaintiff. Such tactic take
the the dismissal out of the category of a dismissal that is on its merits, as the conduct of not
producing proofs that statute was not violated, but producing instead undecipherable documents, has
continued up to present. Defendant was under an Order of the Federal Trade Commission to not bring
time-barred suit, proving lack of probable to cause to bring in and cover up.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION–Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Page 13

PLD-PI-001(3)

| SHORT TITLE:<br>SEALS V ASSET | CASE NUMBER |
|---|---|

FIFTH_____   **CAUSE OF ACTION—Intentional Tort**   Page _9_
  (number)                                           *ABuse of Process*

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  AARON SEALS

  alleges that defendant *(name)*:  ASSET ACCEPTANCE

[✓] Does  1_____  to  100_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff
on *(date)*:APR.2012, continuing
at *(place)*:NORTH SAN DIEGO COUNTY

*(description of reasons for liability)*:

Plaintiff incorporates by reference Paragraphs 1-11, 13-15 of their First Cause of Action and
EXEMPLARY DAMAGES ATTACHMENT.
Defendants', intentionally and deliberately did acts which abused the process and were a substantial
factor resulting in Plaintiff damages, such as suffering great weight loss, colon/intestinal changes,
and grave mental anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and
shame, fear over his new plans for the future and the effect that a judgment would have in harming it.
Plaintiff was recovering from his job loss, a result of the economic decline which also cause his loss
of independence when he had to move back home. Since Plaintiff had a learning disability, the was
more serious as he had established himself in his community, known to Defendants. He had secured
new employment and was making plans on continuing his education, when Defendant brought their
suit and served him. A judgment would cause serious disruption in his new future plans, financially
and emotionally.

Defendants, and each of them, wrongfully and intentionally abused the civil process, by acts,
including but not limited to, causing a time-barred creditor-debtor action to be brought against
Plaintiff, knowingly responding to discovery with a corporate verification that was completely
illegal, and delaying the dismissal of the action when they were aware of the fact that other litigation
deadlines were approaching and more attorney's fees and costs would continue to be incurred, in
complete disregard to the fact that they could not sustain the underlying action, all of which resulted
in physical, financial and emotional damage to Plaintiff, also entitled to punitive or exemplary
damages, as pled herein.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]   **CAUSE OF ACTION–Intentional Tort**   Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| SEALS V ASSET | |

_SIXTH_ **CAUSE OF ACTION—Intentional Tort**   Page _4_
(number)                                    _INFLICTION : DISTRESS_

ATTACHMENT TO  [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*:  AARON SEALS

alleges that defendant *(name)*:  ASSET ACCEPTANCE

[✓] Does 1_____ to 100_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* APR.2012, continuing
at *(place)* NORTH SAN DIEGO COUNTY

*(description of reasons for liability):*

Plaintiff incorporates by reference Paragraphs 1-11, 13-15 of their First Cause of Action and EXEMPLARY DAMAGES ATTACHMENT.
Defendants', intentionally instituted and pursued a legal action against Plaintiff, without probable cause, which acts were outrageous and in reckless disregard of the probability that Plaintiff would suffer serious emotional health, which he did, including great weight loss, colon/intestinal changes, and grave mental anguish, fright, horror, nervousness, anxiety, worry, shock, humiliation, and shame, fear over his new plans for the future and the effect that judgment would have in harming it. Plaintiff was recovering from his job loss, a result of the economic decline which also cause his loss of independence when he had to move back home. Since Plaintiff had a learning disability, the was more serious as he had established himself in his community, known to Defendants. He had secured new employment and was making plans on continuing his education, when Defendant brought their suit and served him. Plaintiff's injuries were substantial caused by defendants' conduct, to the present. A judgment would cause serious disruption in his new future plans, financially and emotionally. Defendants delayed their dismissal by predicating it upon Plaintiff giving up a legal right to this action. Said serious delay in dismissing caused great harm and indebtedness as they were aware of the fact that discovery motion deadlines were approaching and more attorney's fees and costs would continue to be incurred, in complete disregard to the fact that they could not sustain the underlying action, all of which resulted in physical, financial and emotional damage to Plaintiff. Such tactic take the the dismissal out of the category of a dismissal that is on its merits, as the conduct of not producing proofs that statute was not violated, but producing instead undecipherable documents, has continued up to present. Defendant was under an Order of the Federal Trade Commission to not bring time-barred suit, proving lack of probable to cause to bring in and cover up.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]          **CAUSE OF ACTION–Intentional Tort**          Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Page 15

PLD-PI-001(6)

| SHORT TITLE: SEALS V ASSET | CASE NUMBER: |
| --- | --- |

## Exemplary Damages Attachment

Page _16_

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

**EX-1.** As additional damages against defendant *(name):*
ASSET ACCEPTANCE LLC

Plaintiff alleges defendant was guilty of
[✓] malice
[✓] fraud
[✓] oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

**EX-2.** The facts supporting plaintiff's claim are as follows:

Defendant knew or should have known that the actions they had taken, unlawfully time-barred, abusing discovery laws, continuing litigation beyond when they knew they could sustain it and then trying to impose the unusual condition of forefeiting a malicious prosecution suit against themselves on defendant as a condition of dismissal would  injure Plaintiff. Defendant was under investigation for by the Federal Trade Commission for the same and/or like unlawful conduct and were found liable by FTC for such unlawful conduct as bringing time-barred suits, and doing other illegal debtor practices, and were fined. Debtor had, along with many, been significantly harmed by the economic decline, had lost his job and had been unable to pay his creditors, for which he felt depressed. Defendant's suit against him and the unlawful continuation of it by illegal actions, added to the stress and pain he was already suffering, furthering his financial and emotional pain and placing him in fear of having an judgment against him, further impairing his own recovery.

Defendant knowingly and willingly wrongfully prosecuted Plaintiff and then, when faced with the legal discovery that would expose this fact, Defendant served knowingly and/or like unlawful responses, knowingly unlawfully verified and even when challenged, Defendants did not/could not take corrective action. Instead, Defendants attempted to coerce Plaintiff into signing a release that included giving up his right to be made whole through action against Defendant, continuing their bad conduct and intimidation against Plaintiff who was already harmed by Defendant's oppression, and malice. Defendant's conduct was oppressive and in conscious disregard of the rights and safety of Plaintiff.

Defendant had a habit or custom of continuing bad conduct, including suing on  time-barred suit, and other conduct, including but not limited to other shady and/or illegal collection and debtor litigation practices,  so notorious that Defendant was fined by the FTC and entered a consent agreement regarding not doing their illegal debt practices in the future. Some of the actions that they took against Plaintiff were the same bad acts that caused them to be fined in 2012 by FTC.

**EX-3:** The amount of exemplary damages sought is
a. [✓] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

# ATTACHMENT TO COMPLAINT - GENERAL

Everywhere herein where Plaintiff alleges/references that Defendant filed a time-barred lawsuit, or words of the same meaning, that allegation is plead on information and belief, under C.C.P. 128.7.

Defendant dismissed the case when discoveery motions would have to be filed because of the illegal responses which did not establish that the suit had been timely filed. Continuing in the lack of proofs of timely filing, defendant voluntarily sent other documents, but they could not be decisphered as their reliance on third party document required knowing internal codes which they have not provided.

The allegation of defendant filing an untimely suit are based on attorney's best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

(1)It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(2)The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(3)The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4)The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

1

**ATTACHMENT TO COMPLAINT - GENERAL**

Everywhere herein where Plaintiff alleges/references that Defendant filed a time-barred lawsuit, or words of the same meaning, that allegation is plead on information and belief, under C.C.P. 128.7.

Defendant dismissed the case when discoveery motions would have to be filed because of the illegal responses which did not establish that the suit had been timely filed. Continuing in the lack of proofs of timely filing, defendant voluntarily sent other documents, but they could not be decisphered as their reliance on third party document required knowing internal codes which they have not provided.

The allegation of defendant filing an untimely suit are based on attorney's best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following conditions are met:

(1)It is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(2)The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

(3)The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(4)The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

1

SPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 325 S Melrose DRIVE

MAILING ADDRESS: 325 S Melrose DRIVE

CITY AND ZIP CODE: Vista, CA 92081-6695

BRANCH NAME: North County

TELEPHONE NUMBER: (760) 201-8031

PLAINTIFF(S) / PETITIONER(S):   Aaron Seals

DEFENDANT(S) / RESPONDENT(S):   Asset Assessment, LLC

SEALS VS. ASSET ASSESSMENT, LLC

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2013-00057033-CU-NP-NC |
|---|---|

## CASE ASSIGNMENT

Judge:  Timothy M. Casserly                                        Department: N-31

COMPLAINT/PETITION FILED: 07/11/2013

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 03/14/2014 | 09:00 am | N-31 | Timothy M. Casserly |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, each party demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) for each party on or before the date scheduled for the initial case management conference in the action.

ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT *CONFERENCE*. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

# Superior Court of California
## County of San Diego

# NOTICE OF ASSIGNMENT
# TO IMAGING DEPARTMENT

**This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).**

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website. This Program will be expanding to other civil courtrooms over time.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

# Please refer to the General Order - Imaging located on the San Diego Superior Court website at:

http://www.sdcourt.ca.gov/CivilImagingGeneralOrder

Page: 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2013-00057033-CU-NP-NC    CASE TITLE:
Seals vs. Asset Assessment, LLC

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

  (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
  (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
  (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS:      325 S. Melrose

MAILING ADDRESS:     325 S. Melrose

CITY, STATE, & ZIP CODE: Vista, CA  92081-6695

BRANCH NAME:      North County

PLAINTIFF(S):   Aaron Seals

DEFENDANT(S): Asset Assessment, LLC

SHORT TITLE:   SEALS VS. ASSET ASSESSMENT, LLC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2013-00057033-CU-NP-NC |
|---|---|

Judge: Timothy M. Casserly                                    Department: N-31

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                     ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                                    Date: _____

Name of Plaintiff                                              Name of Defendant

Signature                                                         Signature

Name of Plaintiff's Attorney                            Name of Defendant's Attorney

Signature                                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated:  07/11/2013                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)      STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION      Page: 1

# EXHIBIT 2

**From:** Noel Spaid [mailto:nspaid@san.rr.com]
**Sent:** Wednesday, August 14, 2013 6:37 PM
**To:** Denhouten, David
**Subject:** Re: AARON SEALS

We counter your offer with a demand for 2 Million Dollars, for and as  payment in full for all damages to Aaron
Seals.

2

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California  90071.

On August 23, 2013, I served the foregoing document described as **NOTICE OF REMOVAL BY ASSET ACCEPTANCE, LLC** on all interested parties in this action as follows:

Noel W. Spaid, Esq.
2758 Caminito Cedros
Del Mar, CA  92014
Tel:  (858) 350-8718 / Fax:  (858) 350-8718
*Attorney for Plaintiff*
Aaron Seals

☐   **(BY ELECTRONIC TRANSMISSION)** As addressed to all parties appearing on the Court's ECF service list in this action via the Southern District of California's Court's CM/ECF system, and shall be available for viewing and downloading from the ECF system.

☐   **(BY E-MAIL)**  I caused such document to be transmitted by electronic format to the office of the addressee(s) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing on affidavit.

☒   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 23, 2013, at Los Angeles, California.

s/Ashley R. Fickel

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PAS01\714164.1
ID\ARF – 108721\0189