UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON SEALS,<br><br>   Plaintiff,<br><br>   v.<br><br>ASSET ACCEPTANCE, LLC,<br><br>   Defendant. | Case No. 13-cv-1969-W(NLS)<br><br>**ORDER (1) GRANTING MOTION TO REMAND [DOC. 6], AND (2) REMANDING ACTION TO SAN DIEGO SUPERIOR COURT** |

Pending before this Court is Plaintiff Aaron Seals' motion to remand this case to the San Diego Superior Court. The Court decides the matter on the papers submitted and without oral argument. See Civ.L.R. 7.1 (d.1) For the reasons state below, the Court **GRANTS** Plaintiff's motion [Doc. 6].

I.  **BACKGROUND**

On July 11, 2013, Plaintiff Aaron Seals filed a lawsuit in the San Diego Superior Court against Defendant Asset Acceptance, LLC ("Asset"), related to Asset's attempts to collect a debt. Seals alleges six causes of action for: (1) general negligence; (2) negligence per se; (3) negligent infliction of emotional distress; (4) malicious prosecution; (5) abuse of process; and (6) intentional infliction of emotional distress.

1  The form Complaint prays for compensatory and punitive damages, but does not
2  identify an amount in controversy.  However, a checked box on the form indicates that
3  the action is an unlimited civil case worth over $25,000.  (*Compl.*, p.1.[1])

4  On August 5, 2013, Asset's counsel sent an e-mail to Seals' counsel denying all
5  allegations and offering to settle the case for $1,000.  (*Spaid Dec.* [Doc. 6], Ex. 1.)  In
6  response, Seals' attorney demanded $2,000,000.  (*Not. of Removal*, Ex. 2 [Doc. 1-1].)
7  Based on this response, Asset removed the action to this Court, basing the amount in
8  controversy on Seals' $2 million demand.  (*Id.*, 3:17-24.)

9  Seals now moves to remand.  Asset opposes.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree."  Id. (internal citations omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Id. (internal citations omitted); see also Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006).

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Sygenta Crop Prot. v. Henson, 537 U.S. 28, 32 (2002); O'Halloran v. Univ. of Wash., 856 F.2d 1375, 1380 (9th Cir. 1988).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Gaus, 980 F.2d at 566; see also Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 n.3 (9th Cir. 1990); O'Halloran, 856 F.2d at 1380.  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus, 980 F.2d at 566.

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit 1 [Doc. 1-1].

### III. DISCUSSION

Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."  Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).  Where the state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, Seals' Complaint states that the case is worth in excess of $25,000.  (*Compl.*, p. 1.)  In an effort to demonstrate that the amount in controversy exceeds $75,000, Asset relies on Seals' $2 million settlement demand.

In Cohn v. Petsmart, Inc., 281 F.3d 837 (9th Cir. 2002), the defendant relied on plaintiff's settlement letter to demonstrate that the amount in controversy requirement was met.  The letter asserted that plaintiff's trademark right, which was the object of the litigation, was "worth more than $100,000."  The trial court agreed with defendant, found diversity jurisdiction existed, and later dismissed the case.

On appeal, the Ninth Circuit stated that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  Id. at 840 (citations omitted).  Because plaintiff did not attempt to assert that his settlement demand was inflated, did not disavow the letter or offer any contrary evidence regarding his valuation of the case, the court held that the settlement letter established the amount-in-controversy requirement was met.  Id.

Unlike Cohn, here, Seals' settlement demand is not the only evidence regarding the value of the case.  On August 5, 2013, Asset sent an e-mail to Seals offering to settle the case for $1,000.  (*Spaid Dec.*, Ex. 1.)  The e-mail stated that Asset's offer was

"in the interests of saving my client costs." (*Id.*)  This offer clearly reflects Asset's belief that the amount in controversy was far below the $75,000 jurisdictional requirement.

Asset's offer also provides context to Seals' settlement demand, and demonstrates that it was in response to what amounted to an offer to settle for the cost to file a motion dismiss.  Seals' motion acknowledges that the $2 million demand was a "retort" to what he perceived as "an insincere offer" by Asset.  (*Remand*, 9:3–4.)

Moreover, unlike <u>Cohn</u>, Seals' demand does not attempt to provide any basis or justification for the $2 million settlement offer.  Instead, Seals' retort simply provides: "We counter your offer with a demand for 2 Million Dollars, for and as payment in full for all damages to Aaron Seals."  (*Not. of Removal*, Ex. 2.)

Based on the disparity of the settlement offers, the context within which Seals' demand was made, Seals' apparent disavowal of the offer, and the utter lack of any facts in the Complaint, Notice of Removal or remand motion even suggesting that the value of this case is anywhere near $75,000, this Court concludes Asset has failed to demonstrate that the amount-in-controversy requirement is satisfied.

IV. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Seals' motion [Doc. 6] and **REMANDS** this action to the San Diego Superior Court.

**IT IS SO ORDERED.**

**DATE: February 28, 2014**

HON. THOMAS J. WHELAN
United States District Court
Southern District of California